**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RAYMOND RICHARD STEPHENSON, : | |
| a/k/a ANDREW McCURVIN, : | |
|     Petitioner, : | |
| : | |
|     v. : | Civil no. 3:97CV181(AVC) |
| : | Crim. no. 3:93CR157(AVC) |
| UNITED STATES OF AMERICA : | |
|     Respondent. : | |

## RULING ON HABEAS CORPUS PETITION
## PURSUANT TO 28 U.S.C. § 2255

This is petition to vacate, set aside or correct a sentence brought pursuant to 28 U.S.C. §2255.[1] The pro se petitioner, Raymond Richard Stephenson a/k/a/ Andrew McCurvin, challenges his conviction and subsequent sentencing.

The issues presented are: 1) whether McCurvin received ineffective assistance of counsel; 2) whether the government satisfied its obligations to disclose exculpatory evidence; and 3) whether McCurvin's conviction was unconstitutional because the jury verdict did not address an essential element of the offense of conviction.

For the reasons hereinafter set forth, the court concludes that: 1) McCurvin has failed to show that his counsel rendered

---

[1] 28 U.S.C. § 2255 provides, in part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

ineffective assistance; 2) the government satisfied its obligations with respect to exculpatory evidence; and 3) McCurvin's conviction in this case was not unconstitutional. Accordingly, McCurvin's § 2255 petition (document no. 1046) is hereby DENIED.

## FACTS

On July 21, 1993, the grand jury returned an indictment charging McCurvin and others with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846.  On April 13, 1994, the grand jury returned a superseding indictment charging the petitioner, his wife, Antoinette McCurvin a/k/a Antoinette Glenn, and the remaining co-defendants with conspiracy to possess with intent to distribute cocaine and cocaine base.  Count one of the superceding indictment charged conspiracy based on an alleged agreement between McCurvin and his co-defendants between February 4, 1993 and July 13, 1993.  The indictment also charged McCurvin with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), using and carrying a firearm during and in relation to a narcotics trafficking offense in violation of 18 U.S.C. § 924©, possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and 922(g)(5), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I).

On January 4, 1995, trial commenced and continued until the jury returned verdicts on January 18, 1995. The jury returned guilty verdicts with respect to all but two money laundering counts. On March 29, 1996, the court found that the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995), required new trials with respect to counts thirteen and twenty three.[2] On April 4, 1996, the court sentenced McCurvin with respect to the remaining counts to 360 months imprisonment and ten years of supervised release. The defendant did not file a timely notice of appeal.

On January 27, 1997, McCurvin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, in an effort to reinstate his right to appeal. On January 28, 1998, the court appointed substitute counsel to represent the defendant for his habeas petition.

On April 22, 1998, the government notified McCurvin's counsel that one of the trial witnesses had misidentified himself at trial as Daniel Rutherford when he was, in fact, an individual by the name of Gary Sims.

On July 20, 1998, the court granted McCurvin's motion and resentenced him to 336 months imprisonment. On July 24, 1998, McCurvin filed a timely notice of appeal. The court of appeals

---

[2] Counts thirteen and twenty three accused McCurvin of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c).

3

affirmed the district court with respect to all but one of the money laundering counts and remanded for further proceedings with respect to that count.  The second circuit also rejected McCurvin's claim that witness Sims' false identification was grounds for reversal.  The court of appeals held that the misidentification was not material to the jury's determination of the issue of the defendant's guilt.  <u>United States v. Stephenson</u>, 183 F.3d 110, 118 (2d Cir. 1999).

    In the instant petition, McCurvin presents several grounds on which he argues that the court should vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  On December 15, 2005, the court ruled on this petition, holding that because it was a second section 2255 petition, McCurvin was required to seek filing authorization from the second circuit.  On January 9, 2006, McCurvin filed a motion for reconsideration.  On March 31, 2006, the court granted the motion for reconsideration and held that because McCurvin used his first post-conviction section 2255 motion to reinstate his right to direct appeal, his second 2255 motion was not considered a second or successive motion requiring court of appeals authorization.  <u>See</u> <u>In re Goddard</u>, 170 F.3d 435 (4th Cir. 1999); <u>Vasquez v. Parrott</u>, 318 F.3e 387, 391 (2d Cir. 2003).  The court, therefore, reinstated this petition and ordered the government to address its merits.

**STANDARD**

Section 2255 of the United States Code, title 28, provides a prisoner in federal custody with the ability to move the court which imposed his sentence to vacate, set aside, or correct his sentence if it was in violation of the United States Constitution or federal law. See United States v. Morgan, 346 U.S. 502 (1954). The Second Circuit Court of Appeals has held that a prisoner may collaterally attack a final criminal conviction by way of a section 2255 petition "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect' which inherently results in a complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996)(citing United States v. Bokum, 73 F.3d 8, 12 (2d Cir. 1995)).

A petitioner who seeks to challenge a criminal conviction collaterally through a section 2255 petition "must overcome the threshold hurdle that the challenged judgment carries with it a presumption of regularity." Williams v. United States, 481 F.2d 339, 346 (2d Cir.), cert denied, 414 U.S. 1010 (1973). The petitioner has the burden of showing that he is entitled to relief. Id. at 346. "[T]he scope of review on a § 2255 motion should be 'narrowly limited' in order to preserve the finality of criminal sentences and to effect the efficient allocation of

judicial resources." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996).

When a petitioner proceeds pro se in bringing a section 2255 petition, the court must liberally construe his petition. See Billy-Eko v. United States, 8 F.3d 11, 117 (2d Cir. 1993)(acknowledging a "judicial interest in interpreting pro se pleadings liberally in the interests of fairness to pro se litigants").

**DISCUSSION**

**I.   Ineffective Assistance of Trial Counsel**

The defendant first argues that he was denied effective assistance of counsel based upon the following: 1) trial counsel's failure to move to dismiss counts 6, 19, 20-23 and 26-29, because they were brought more than 30 days after McCurvin's arrest; 2) trial counsel's failure to object to the court's speedy trial continuances; 3) trial counsel's failure to move to dismiss the indictment pursuant to the Speedy Trial Act; 4) trial counsel's failure to request a jury charge as to the type and quantity of drug in which the defendant trafficked; 5) trial counsel's failure to move for a new trial based upon the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000); and 6) trial counsel's failure to move for a new trial based upon witness perjury.  The government responds that none of the defendant's arguments provide grounds for section

6

2255 relief.

In Strickland v. Washington, 466 U.S. 668(1984), the Court held that in order to prove a claim for ineffective assistance of counsel, a defendant must first prove that counsel's assistance "fell below an objective standard of reasonableness." Id. at 688. The defendant must also prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[3] In Strickland, the Court noted that "[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. The Court further stated that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

McCurvin first argues that trial counsel should have moved

---

[3] The Court recognized that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

7

to dismiss the claims against him because he was not indicted within thirty days of the date of the complaint. McCurvin states that the superceding indictment, filed a year after the original indictment, should have been dismissed because it added counts that were filed more than thirty days after McCurvin's arrest in violation of 18 U.S.C.§ 3161(b). The government responds that the charge in the original complaint was converted into an indictment within thirty days and also charged in the superceding indictment and the new charges in the superceding indictment were never a part of the original complaint. Therefore, there is no basis for McCurvin's claim. The court agrees.

Section 3161(b) of title 18 of the United States Code, provides, in relevant part, as follows:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. . . .

18 U.S.C. § 3161(b).

In this case, the government filed a complaint on July 13, 1993, and on July 21, 1993, a federal grand jury returned a superceding indictment against the defendant. Therefore, he was indicted within the applicable thirty day limitation of 18 U.S.C. § 3161(b).

McCurvin argues that the government violated section 3161(b) when it filed a superceding indictment on December 13, 1994.

That superceding indictment restates the charges in the original indictment and adds new charges. The new charges were never charged in the original complaint. The second circuit has recognized that "[p]ost-indictment action is permitted to identify or investigate other individuals involved in criminal schemes . . . or to prepare superceding indictments against persons already charged." United States v. Jones, 129 F.3d 718, 723 (2d Cir. 1997) (internal citations omitted), cert. denied, sub nom., Brown v. United States, 524 U.S. 911(1998). The government was well within its authority when it charged the superceding indictment in this case.

McCurvin next argues that his trial counsel should have objected to the court's entry of orders excluding time with respect to the Speedy Trial Act. He further states that counsel should have moved to dismiss the indictment based on alleged speedy trial violations. The government argues that these claims lack merit. The court agrees.

In United States v. Jones, 129 F.3d 718 (2d Cir. 1995), the second circuit recognized that courts consider the following factors when determining "whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." Id. at 724. Further, "[a]lthough 'a showing of prejudice is not a

prerequisite to finding a sixth amendment violation, courts generally have been reluctant to find a speedy trial violation in the absence of genuine prejudice." Id. (quoting Rayborn v. Scully, 858 F.2d 84, 94 (2d Cir. 1988)).

In this case, much of the time that elapsed between the filing of the complaint and trial was excludable under the Speedy Trial Act because the defendant or co-defendants in the case filed various motions for the court's consideration. The court also entered nunc pro tunc orders to excluding certain periods of time under the Speedy Trial Act. The defendant's assertion that his counsel's failure to object to these exclusions of time amounts to ineffective assistance of counsel, is without merit as he has failed to show any resulting prejudice whatsoever. This case involved 26 defendants, numerous charges, including conspiracy charges, and an extensive amount of evidence, including hundreds of recordings by wiretap. The amount of time that elapsed, with the consent of all counsel, was reasonable in order to permit the defendants to properly prepare for the trial of this multi-defendant drug conspiracy. The defendant has failed to show any prejudice resulting from the delays necessitated by the complexity of this case. With respect to the other factors for consideration here, the length of the delay was commensurate with the nature of this case as were the various reasons for the motions and requests for extension of time.

Although the defendant has asserted his right here, he failed to do so on his appeal to the second circuit. Having considered all of the factors set forth in United States v. Jones, 129 F.3d 718 (2d Cir. 1995), the court concludes that the defendant is not entitled to relief on the basis of the Speedy Trial Act.

The defendant next states that he is entitled to relief based upon the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, he argues that his trial counsel should have requested a jury charge with respect to the type and amount of drugs in which the defendant illegally transacted. He further states that his counsel should have moved to dismiss based upon the fact that the court, and not the jury, found the type and the amount of drugs at issue.

In Apprendi, the defendant plead guilty to possession of a firearm for an unlawful purpose and unlawful possession of a prohibited weapon and was sentenced to an extended period of incarceration under New Jersey's hate crime statute. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The Court went on to endorse the statement in the concurring opinion in Jones v. United States, 526 U.S. 227 (1999), that "'it is unconstitutional for a legislature to remove from the jury the assessment of facts that

11

increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" Apprendi, 530 U.S. at 490 (quoting Jones, 526 U.S. at 252-53)(opinion of STEVENS, J.)). In United States v. Coleman, 329 F.3d 77, 82 (2003), the second circuit joined seven other circuits to hold that "Apprendi is a new rule that does not apply retroactively to initial section 2255 motions for habeas relief."

In this case, the defendant was convicted on January 18, 1995, and was sentenced on April 4, 1996, before the Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000) and Jones v. United States, 526 U.S. 227 (1999). Therefore, based upon the second circuit's decision in United States v. Coleman, 329 F.3d 77, 82 (2003), Apprendi does not provide a basis for habeas relief. In addition, as the second circuit has recognized, the evidence with respect to the defendant's guilt was "overwhelming," see United States v. Stevenson, 183 F.3d 110, 118 (2d Cir. 1999), and largely uncontroverted with respect to both the type and amount of narcotics involved. Therefore, trial counsel's failure to request a jury charge or move to dismiss on this ground did not rise to the requisite level of plain error. See United States v. Cotton, 535 U.S. 625, 632-33 (2002) (holding that although the absence of the quantity of narcotics in the indictment was a violation of Apprendi, it did not rise to plain

error because "the error did not seriously affect the fairness, integrity or public reputation of judicial proceedings" where evidence of the amount of narcotics involved was "overwhelming" and "essentially uncontroverted").

The defendant next argues that his trial counsel's failure to move for a new trial in light of the false testimony of a government witness amounts to ineffective assistance of counsel. Specifically, the defendant argues that his counsel should have moved for a new trial when the government notified him that trial witness Daniel Rutherford had misidentified himself during trial and was really an individual by the name of Gary Sims. The government responds that the testimony at issue was not central to its case and the witness's misidentification was not material to his testimony. The government also cites the second circuit's opinion with respect to the defendant's appeal in support of its argument.

On direct appeal, the defendant argued that he was entitled to a new trial based upon the claimed witness perjury. The second circuit held that the misidentification did not warrant a new trial. The court recognized that "the witness's true identity was not material, much less central, to the government's case." Stephenson, 183 F.3d at 118. The second circuit further noted that "even without the witness's testimony, the evidence of McCurvin's guilt was overwhelming . . . ." Id.

The issue underlying this ineffective assistance of counsel claim has been litigated, and the second circuit has determined that witness Sims' perjury did not warrant a new trial. The court concludes that there is also no basis for an ineffective assistance of counsel claim on this ground. Even if trial counsel had moved for a new trial based upon witness Sims' perjury, the second circuit has determined that such a motion should have been denied as the perjury did not warrant a new trial. Therefore, the defendant was not prejudiced by trial counsel's failure to move for a new trial based upon the witness's perjury.

## II. **Exculpatory Evidence**

McCurvin next argues that he is entitled to section 2255 relief based upon the government's failure to disclose allegedly exculpatory material. Specifically, the defendant argues that the government failed to disclose evidence of witness Daniel Rutherford's true identity.

As previously set forth, the court concludes that based upon the second circuit's decision on appeal in this case, evidence of the witness's true identity was not material to the issue of the defendant's guilt in this case and, therefore, the defendant was not prejudiced by the witness's misidentification. See Stephenson, 183 F.3d at 118. Further, the second circuit recognized that the government was unaware of the witness'

14

perjury until it notified the defendant of such. Id. The court concludes that government did not fail to disclose exculpatory evidence in this case.

### III. Jury Verdict - Element of Conviction

The defendant next argues that he was unconstitutionally denied a jury verdict as to an essential element of the offenses of conviction. Specifically, he argues that the court should have instructed, and the jury should have found, both the type and the amount of drugs that form the basis of the convictions in this case. The government responds that the second circuit addressed this issue on appeal. The government also states that even if the jury's verdict and resulting sentence constitutes a violation of the principal set forth in Apprendi v. New Jersey, 530 U.S. 466 (2000), there was no pain error. The government further states that the evidence at trial with respect to the type and amount of drugs involved was overwhelming and essentially uncontroverted and the defendant's sentence was lower than the applicable aggregate statutory maximum and less than the enhanced statutory maximum and, therefore, the defendant has not been prejudiced.

The court concludes that even if the jury's general guilty verdict, without a specification as to the type and amount of narcotics involved, is at odds with the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), it does not rise

15

to the level of plain error warranting section 2255 relief.  In United States v. Doe, 297 F.3d 76, (2d Cir. 2002), the second circuit recognized that a determination of plain error requires finding "(1) an error, (2) that is plain, (3) that affects substantial rights." Id. at 82.  If these factors are met, the court then engages in an inquiry of whether to correct the error and the second circuit has recognized that "plain error should be corrected only if it 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)). The Supreme Court has recognized that where the evidence at trial against the defendant is "overwhelming" and "essentially uncontroverted", "the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Cotton, 535 U.S. 625, 632-33 (2002).  In Cotton, the Court held that evidence of 380 grams of cocaine base was sufficiently "overwhelming" to warrant the conclusion that the failure to specify a drug quantity in the indictment did not amount to plain error where the defendant was sentenced based upon a conspiracy involving at least 50 grams of cocaine base.  Id.

On appeal in this case, the second circuit noted that "the evidence of McCurvin's guilt was overwhelming, consisting of ten hand-to-hand crack sales to an undercover FBI agent, the

interception of narcotics-related conversations pursuant to court-authorized wiretaps, other recorded conversations, narcotics and drug trafficking paraphernalia seized from his residence, and the testimony of another coconspirator." Stephenson, 183 F.3d at 118. During the trial, the government introduced evidence of the defendant's participation in a drug conspiracy that involved over 1,300 grams of cocaine base. The defendant was sentenced based upon more than 50 grams of cocaine base. Therefore, even if the failure to set forth the type and amount of narcotics in the indictment was not in line with the Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), any resulting error did not rise to the requisite level of plain error because the evidence of the defendant's illegal involvement with more than 50 grams of cocaine base was "overwhelming" and largely uncontroverted. As a result, the defendant was not unconstitutionally denied a jury verdict as to an essential element of the offenses of conviction.

**CONCLUSION**

The court concludes that McCurvin's petition (**document no. 1041**) is denied.

It is so ordered this 26th day of September, 2007 at Hartford, Connecticut.

_____/s/_____
Alfred V. Covello,
United States District Judge